# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| RICHARD J. PRICE, ) | |
|     Plaintiff, ) | |
|     v. ) | 3:11-906-RCJ-VPC |
| SOMA FINANCIAL, *et al.*, ) | **ORDER** |
|     Defendants. ) | |

Currently before the Court is a motion to dismiss for failure to state a claim and to expunge lis pendens (#15) filed by Defendant RMS Residential Properties, LLC ("RMS"). For the following reasons, the Court grants in part and denies in part the motion to dismiss (#15).

## BACKGROUND[1]

Plaintiff Richard Price purchased real property located at 1388 Antelope Valley Road, Reno, Nevada (the "Property") in October of 2006. (Deed (#15-1) at 1; Compl. (#1-1) at 2). In order to finance the bulk of the purchase price for the Property, Plaintiff obtained a $400,000 loan and secured the loan with a deed of trust (the "Deed of Trust") executed on

---

[1] RMS has requested judicial notice to be taken of attached copies of relevant publicly recorded documents. (*See* Mot. to Dismiss (#15) at 2 n.1). The Court will take judicial notice of these public records. *See Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004) (the court may take judicial notice of the records of state agencies and other undisputed matters of public record under Fed. R. Evid. 201).

October 19, 2006.[2] (Deed of Trust (#15-2) at 2-3). The Deed of Trust listed Soma Financial as lender, Ticor Title as trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee and beneficiary. (*Id.* at 1-2).

Plaintiff subsequently defaulted on the $400,000 loan secured by the Deed of Trust. (Notice of Default (#15-6)). On August 12, 2009, RMS—claiming to be the beneficiary of the Deed of Trust—substituted Brittany Wood, Esq. as trustee. (Substitution of Trustee (#15-5)). Brittany Wood then recorded a notice of default on August 24, 2009. (Notice of Default (#15-6)). MERS later assigned all beneficial interest in the Deed of Trust to RMS on September, 28, 2009. (Assignment (#15-4)). The notice of default filed by Brittany Wood was then rescinded on December 16, 2009. (Rescission (#15-7)).

Plaintiff failed to cure the default and the foreclosure process was initiated again in January of 2011. (Notice of Default (#15-8)). Regional Service Corporation ("Regional Service")—claiming to be acting as the trustee or agent of the beneficiary of the Deed of Trust—recorded a notice of default on January 24, 2011. (*Id.*). No evidence that Regional Service was authorized to act as agent for RMS has been presented to this Court. Regional Service was later substituted as trustee of the Deed of Trust by RMS on January 31, 2011, a week after Regional Service recorded the notice of default. (Substitution of Trustee (#15-9)).

A certificate was issued by the State of Nevada Foreclosure Mediation Program permitting the foreclosure to proceed on August 18, 2011. (Certificate (#15-10)). Regional Service recorded a notice of trustee's sale on September 29, 2011. (Notice of Trustee's Sale (#15-11)). The Property was then sold to RMS on October 18, 2011 for $354,302.13. (Trustee's Deed Upon Sale (#15-12)).

Plaintiff filed a complaint in Nevada state court on October 19, 2011 against Soma Financial, Ticor Title, Regional Service, RMS, LSI Title Agency, and Stanley Silva. (Compl.

---

[2] Plaintiff also obtained a second loan from Soma Financial for $100,000 secured with a second deed of trust on the same date. (Deed of Trust (#15-3) at 1-2). However, this loan is apparently not in default or is not in dispute.

2

1  (#1-1) at 1). The complaint contains eight causes of action, including: (1) debt collection
2  violations; (2) unfair and deceptive trade practices; (3) violation of the covenant of good faith
3  and fair dealing; (4) violation of NRS § 107.080; (5) quiet title; (6) fraud in the inducement and
4  through omission; (7) slander of title; and (8) abuse of process. (*Id.* at 15-41). Plaintiff also
5  recorded a notice of lis pendens on the Property on October 19, 2011. (Notice of Lis Pendens
6  (#1-1) at 1).

7  RMS filed a motion to dismiss for failure to state a claim and to have the lis pendens
8  expunged on March 5, 2012. (Mot. to Dismiss (#15)). Plaintiff timely filed an opposition to the
9  motion to dismiss on March 21, 2012. (Opp'n to Mot. to Dismiss (#18)). A hearing was held
10 on this matter on June 25, 2012.

## LEGAL STANDARD

12 The analysis and purpose of a Rule 12(b)(6) motion to dismiss for failure to state a
13 claim is to test the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th
14 Cir. 2001). "[T]he issue is not whether a plaintiff will ultimately prevail but whether the claimant
15 is entitled to offer evidence to support the claims." *Gilligan v. Jamco Dev. Corp.*, 108 F.3d
16 246, 249 (9th Cir. 1997) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

17 To avoid a Rule 12(b)(6) dismissal, a complaint must plead "enough facts to state a
18 claim to relief that is plausible on its face." *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017,
19 1022 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim
20 is plausible on its face "when the plaintiff pleads factual content that allows the court to draw
21 the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.
22 Iqbal*, 556 U.S. 662, 678 (2009). Although "detailed factual allegations" are not required, the
23 factual allegations "must be enough to raise a right to relief above the speculative level."
24 *Twombly*, 550 U.S. at 555. All well-pleaded factual allegations will be accepted as true and
25 all reasonable inferences that may be drawn from the allegations must be construed in the
26 light most favorable to the nonmoving party. *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir.
27 2003).

28 If the court grants a motion to dismiss a complaint, it must then decide whether to grant

leave to amend. The court should freely give leave to amend when there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also* FED. R. CIV. P. 15(a). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## DISCUSSION

In Plaintiff's first cause of action for debt collection violations under NRS § 649.370, Plaintiff has failed to state a claim against RMS because RMS is not a debt collector as required by the statute. NRS § 649.370 states that a violation of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq., along with all regulations adopted under this Act is a violation of Nevada law. For a defendant to be liable for a violation of the FDCPA, the defendant must be classified as a "debt collector" within the meaning of the Act. *Heintz v. Jenkins*, 514 U.S. 291, 294 (1995); *McCurdy v. Wells Fargo Bank, N.A.*, 2010 WL 4102943, at *3 (D. Nev. 2010). A "debt collector" is defined by the FDCPA as a person "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Foreclosure pursuant to a deed of trust does not constitute debt collection under the FDCPA. *Camacho-Villa v. Great W. Home Loans*, 2011 WL 1103681, at *4 (D. Nev. 2011). Additionally, "the FDCPA's definition of 'debt collector' does not 'include the consumer's creditors, a mortgage servicing company, or any assignee of the debt, so long as the debt was not in default at the time it was assigned.'" *Id.* (quoting *Croce v. Trinity Mortg. Assurance Corp.*, 2009 WL 3172119, at *2 (D. Nev. 2009)). As RMS was foreclosing on the Property pursuant to a deed of trust, it does not qualify as a "debt collector" within the meaning of the FDCPA, and consequently neither the FDCPA nor NRS § 649.370 apply.

The Court also dismisses Plaintiff's second cause of action, alleging unfair and deceptive trade practices in violation of NRS § 598.0923, for failure to state a claim. Under the statute, a person engages in a deceptive trade practice when he or she knowingly

4

conducts business without all required state, county or city licenses. NEV. REV. STAT. § 598.0923(1). The statute however explicitly states that the following activities do not constitute doing business in the State of Nevada: (1) maintaining, defending or settling any proceeding; (2) creating or acquiring indebtedness, mortgages, and security interests in real or personal property; and (3) securing or collecting debts or enforcing mortgages and security interests in property securing the debts. NEV. REV. STAT. § 80.015(1)(a), (g)-(h). Because RMS in this mortgage case is not considered to have been doing business in Nevada, NRS § 598.0923 does not apply and the Court accordingly dismisses this cause of action without leave to amend.

Plaintiff has also failed to state a claim on his third cause of action for violation of the covenant of good faith and fair dealing. Nevada law holds that "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." *A.C. Shaw Constr. v. Washoe Cnty.*, 784 P.2d 9, 9 (Nev. 1989) (quoting RESTATEMENT (SECOND) OF CONTRACTS § 205). To succeed on a claim of breach of the covenant of good faith and fair dealing, a plaintiff must show: (1) the plaintiff and defendant were parties to an agreement; (2) the defendant owed a duty of good faith to the plaintiff; (3) the defendant breached that duty by performing in a manner that was unfaithful to the purpose of the contract; and (4) the plaintiff's justified expectations were denied. *Perry v. Jordan*, 900 P.2d 335, 338 (Nev. 1995).

RMS first allegedly violated the covenant of good faith and fair dealing by luring Plaintiff into the initial loan by wrongfully declaring he qualified for the loan. (Compl. (#1-1) at 19). Yet to be actionable, the breach of the covenant must have occurred *after* the formation of the contract, not *before*. *Crow v. Home Loan Ctr., Inc.*, 2011 WL 3585466, at *3 (D. Nev. 2011). Plaintiff also contends RMS violated the covenant of good faith and fair dealing by offering Plaintiff consideration for loan modifications, falsely telling him the foreclosure would be postponed. (Compl. (#1-1) at 20). Yet Plaintiff has made no showing that would confirm the existence of a loan modification agreement or contract between the parties. *See Perry*, 900 P.2d at 338 (requiring the plaintiff to show the existence of a contract to state a claim for breach of the covenant of good faith and fair dealing). Finally, Plaintiff argues RMS violated

5

the covenant of good faith and fair dealing by frustrating the legitimate purposes of the mortgage contract. (Compl. (#1-1) at 20-21). Foreclosing upon property securing a loan where such foreclosure is permissible by law and the loan agreement does not deprive Plaintiff of any justifiable expectations as he consented to the arrangement.

Plaintiff has however stated a claim under his fourth and fifth causes of action for violation of NRS § 107.080 and quiet title because the foreclosure was improperly conducted. NRS § 107.080 sets out certain procedures that must be followed before a trustee may execute the power of sale, and if these procedures are not substantially complied with, the sale may be declared void. NEV. REV. STAT. § 107.080(5)(a). Under NRS § 107.080(2)(c), the power of sale cannot be exercised pursuant to a deed of trust until the beneficiary, the successor in interest of the beneficiary or the trustee executes and records a notice of default. It is a statutory defect for an entity that is not yet the beneficiary, trustee, or an agent of one of these entities to record the notice of default. *Chandler v. Indymac Bank, F.S.B.*, 2011 WL 1792772, at *2 (D. Nev. 2011). Here, the party recording the notice of default was not the beneficiary or trustee of the Deed of Trust. Regional Service recorded the notice of default on January 24, 2011. (Notice of Default (#15-8)). However, Regional Service was not formally substituted as trustee until January 31, 2011, one week later. (Substitution of Trustee (#15-9)). Although Regional Service asserted that it was acting as the agent of the beneficiary in filing the notice of default, no evidence of any agency relationship has been presented to the Court. Because it is not apparent that Regional Service had the authority to record the notice of default, the foreclosure process fails to substantially comply with NRS § 107.080. As the foreclosure process was improper, Plaintiff has sufficiently stated a claim for violation of NRS § 107.080 under his fourth cause of action and quiet title under his fifth cause of action.

Plaintiff's sixth cause of action for fraud in the inducement and through omission however fails because Plaintiff has not alleged any fraudulent statements or omissions concerning the terms of the loan and because Plaintiff has failed to satisfy the strict pleading requirements of Federal Rule of Civil Procedure 9(b). Under Nevada law, a claim of fraud requires the plaintiff to establish each of the following elements: (1) a false representation; (2)

knowledge or belief that the representation was false (or knowledge that the defendant's basis for making the representation was insufficient); (3) intent to induce the plaintiff to consent to the contract's formation; (4) justifiable reliance upon the misrepresentation; and (5) damage resulting from such reliance. *J.A. Jones Const. Co. v. Lehrer McGovern Bovis, Inc.*, 89 P.3d 1009, 1018 (Nev. 2004). Pursuant to Rule 9(b), a party alleging fraud "must state with particularity the circumstances constituting fraud or mistake." To satisfy this standard, a plaintiff must plead "an account of the 'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.' " *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (quoting *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004)).

Plaintiff here has failed to allege any false statements or omissions that were material to the terms of the loan. Plaintiff only alleges that he was not made aware of the inner workings of the mortgage industry, which ultimately had no effect upon the loan agreement. (Compl. (#1-1) at 31). As Plaintiff has not alleged any false statements or omissions concerning the terms of the loan, he has failed to state a claim for fraud. Additionally, Plaintiff's fraud allegations lack the specificity required by Rule 9(b) because Plaintiff has failed to allege which fraudulent act RMS allegedly committed, and when and where these fraudulent actions took place. The Court therefore dismisses Plaintiff's sixth cause of action.

The seventh cause of action for slander of title fails because the statements made were not untrue. Plaintiff alleges that RMS slandered his title by causing the notice of default to be recorded, knowing that it was unauthorized to foreclose and knowing the filed document was defective. (Compl. (#1-1) at 37-38). To succeed on a slander of title claim, the plaintiff must show "false and malicious communications, disparaging to one's title in land, and causing special damage." *Exec. Mgmt., Ltd. v. Ticor Title Ins. Co.*, 963 P.2d 465, 478 (Nev. 1998) (quoting *Higgins v. Higgins*, 744 P.2d 530, 531 (Nev. 1987)). Plaintiff here does not deny he has defaulted under the note, and consequently the notice of default is not a false statement disparaging his title to the Property.

Plaintiff has also failed to state a claim on his eighth and final cause of action for abuse of process because Plaintiff has failed to allege any facts demonstrating that RMS had an ulterior purpose in foreclosing, and because nonjudicial foreclosures are not considered "process" for the purposes of this tort. To prevail on a claim of abuse of process, the plaintiff must show that the defendant (1) had an ulterior purpose in bringing legal action other than resolving a legal dispute, and (2) used the legal process in a manner that is not proper in the regular conduct of the proceeding. *Exec. Mgmt., Ltd. v. Ticor Title Ins. Co.*, 963 P.2d 465, 478 (Nev. 1998). Yet Plaintiff has pled no facts that would show RMS had any ulterior motive in bringing the foreclosure action. Additionally, nonjudicial foreclosures are not the type of "process" the tort of abuse of process was meant to address because by its very definition it does not involve judicial action. *See Barlow v. BNC Mortg., Inc.*, 2011 WL 3841223, at *4 (D. Nev. 2011). Accordingly, Plaintiff's eighth cause of action lacks merit and is dismissed without leave to amend.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that the motion to dismiss (#15) is GRANTED in part as to claims 1, 2, 3, 6, 7, and 8 and DENIED in part as to claims 4 and 5.

IT IS FURTHER ORDERED that RMS's request to expunge the lis pendens is DENIED as claims relating to the title of the Property remain.

DATED: This 3rd day of August, 2012.

_____
United States District Judge